# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES E. McCORVEY, | : | |
| Plaintiff, | : | |
| v. | : | CA 12-00757-KD-C |
| UNITED STATES DEPARTMENT OF VERTERANS AFFAIRS, | : | |
| Government. | : | |

## ORDER

This matter is before the Court on the plaintiff's motion seeking leave to file an amended complaint (Doc. 49) and the government's motion (Doc. 57) to dismiss the plaintiff's proposed amended complaint (Doc. 49-1). The government previously filed a motion to dismiss plaintiff's original complaint on May 20, 2013 (Doc. 18). However, on September 30, 2013, the plaintiff filed an amended complaint (the "First Amended Complaint") (Doc. 45), without leave of Court, and, on October 16, 2013, the plaintiff filed a motion to file a second amended complaint (Doc. 49). The plaintiff attached a copy of his proposed amended complaint (the "Second Amended Complaint") (Doc. 49-1) to his motion requesting leave to file. The plaintiff indicated to the government's attorney that the Second Amended Complaint is the final pleading he will file at this time. (*See* Doc. 57 at 2.) Accordingly, the government treated the plaintiff's Second Amended Complaint (Doc. 49-1) as the plaintiff's current pleading containing and fully comprising all the claims that the plaintiff intends to pursue in this matter. As such, the government responded to plaintiff's Second Amended Complaint (Doc. 49-1) by filing a motion to dismiss ("Second Motion to Dismiss") pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6). (Doc. 57.)

## Plaintiff's Motion to Amend

As stated above, before the plaintiff filed the motion to amend that is currently before the Court (Doc. 49), the plaintiff filed a First Amended Complaint without being granted leave (Doc. 45). Accordingly, the First Amended Complaint (Doc. 45) is hereby **STRICKEN** for being improperly filed without leave of Court. *See* Fed. R. Civ. P. 15(a)(2). Because the First Amended Complaint is stricken, the undersigned treats the plaintiff's motion to file his Second Amended Complaint (Doc. 49) as a motion to amend his original complaint (Doc. 1).

Having reviewed the plaintiff's motion for leave to file his Second Amended Complaint (Doc. 49) and having received no objection to the filing of the Second Amended Complaint from the government, (*see* Doc. 57 at 2-3, the government's Second Motion to Dismiss (treating plaintiff's proposed Second Amended Complaint as a superseding pleading and responding thereto)), the undersigned has determined that plaintiff's motion (Doc. 49) is hereby **GRANTED**.

## Remaining Earlier Filed Motions

Because the undersigned has granted the plaintiff's motion to file his Second Amended Complaint, (*see infra*), and the government has filed a Second Motion to Dismiss directed at the Second Amended Complaint (Doc. 57), the undersigned has determined that the government's original motion to dismiss (Doc. 18) and the plaintiff's responses thereto (Docs. 43, 44 and 46) are **MOOT**.[1]

---

[1] The undersigned acknowledges that the plaintiff's responses to the government's motion to dismiss include requests to amend the complaint. (*See* Docs. 43, 44 and 46.) Those requests, however, were superseded by plaintiff's subsequent motion to file his Second

Furthermore, prior to the withdrawal of plaintiff's former attorney, plaintiff improperly filed multiple *pro se* motions (Docs. 29, 30, 32, 33 and 36). When a party is represented by an attorney of record, all filings on behalf of that party must be signed by his attorney. *Compare* SD ALA LR 5.1 (b) ("At least one attorney or party appearing in any action in this Court shall sign each document filed. In addition, there shall be included directly beneath the signature line, the typed or printed name, address, telephone number (voice and facsimile) and attorney identification number of all attorneys of record in the action representing that party.") *with* SD ALA LR 83.5(h) ("Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record in the first instance until, after formal motion and notice to such parties and to opposing counsel, they are permitted to withdraw from such representation."). Plaintiff's attorney did not withdraw from this case until July 29, 2013 (Doc. 41), and, thus, plaintiff's *pro se* motions, filed prior to the withdrawal of his attorney (Docs. 29, 30, 32, 33 and 36), are hereby **STRICKEN** for being improperly filed.[2] *See Charest v. Mitchem*, 1:10-cv-00067-CG-C (S.D. Ala. March 26, 2013) (Doc. 67, Endorsed Order striking the petitioner's filings "because petitioner is represented by counsel and may not file pro se pleadings while represented"); *July v. Bd. Of Water & Sewer Comm'rs*, CA No. 11-0635-WS-N, 2013 WL 66646, at *2 n.2 (S.D. Ala. Jan. 4, 2013)

---

Amended Complaint (Doc. 49).

[2] The undersigned notes that the plaintiff is not prejudiced by the striking of his *pro se* motions because the relief requested by the plaintiff in said motions was addressed by the Court at the time of the July 29, 2013 hearing. (*Compare* Docs. 29, 30, 32, 33 and 36 *with* Doc. 41.) Furthermore, the plaintiff's requests in those motions to amend his complaint (Docs. 29, 30, 32, 33 and 36), and the Court's Order carrying the plaintiff's requests to amend his complaint until the time of the next hearing (Doc. 41), were superseded by the plaintiff's most recent motion seeking leave to amend his complaint (Doc. 49), which was, in turn, granted by the undersigned (*see infra*).

(noting that the plaintiff's motion was defective because it was filed *pro se* when plaintiff was represented by counsel); *United States v. Hands*, No. CRIM.A. 97-0024-CB, Civ.A. 99-1087-CB, 2005 WL 1614657, at *1 (S.D. Ala. June 22, 2005) (striking *pro se* motion filed by plaintiff because plaintiff was represented by counsel); *see also Hutchinson v. Florida*, 677 F.3d 1097, 1107 (11th Cir. 2012) ("Even if a client wanted to correct his lawyer's mistakes, he would not be entitled to do so. A prisoner does not have a right to file pro se pleadings while represented by counsel.") (citing *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998)).

Additionally, three other motions previously filed in this matter are now moot. The government's motion for an extension of time to file its responsive pleading (Doc. 6) is deemed **MOOT** because the government has responded to plaintiff's original complaint and plaintiff's second amended complaint. (*See* Docs. 18 and 57.) The plaintiff's motion for an extension of time to file a response to the Court's April 22, 2013 Order (Doc. 14) is deemed **MOOT** because the plaintiff has filed said response (Doc. 15) and it has been accepted by the Court (*see* Doc. 25 at 2 n.3). The government's motion to close the briefing schedule and take the government's original motion to dismiss under consideration (Doc. 27) is **MOOT** due to the Court's previous order on the government's motion to dismiss, entered July 29, 2013 (Doc. 41).

<u>Government's Second Motion to Dismiss</u>

The plaintiff's Second Amended Complaint (Doc. 49-1) is now the operative complaint in this matter and supersedes the original complaint and any other amended pleadings previously filed by the plaintiff. Therefore, when considering the government's Second Motion to Dismiss (Doc. 57), the undersigned will evaluate only

4

the plaintiff's Second Amended Complaint (Doc. 49-1), which comprises all of plaintiff's allegations and claims. However, the plaintiff will be given an opportunity to file a response to the government's Second Motion to Dismiss (Doc. 57). Plaintiff's response must be filed on or before **January 8, 2014**. Any reply brief filed by the government must be filed on or before **January 22, 2014**. After **January 22, 2014**, the Court will take this matter under submission and all briefing will be **CLOSED**.

Lastly, the deadline for the parties to meet and confer regarding discovery by December 20, 2013, is **STAYED** until after the government's Second Motion to Dismiss is resolved.

## **CONCLUSION**

For the reasons stated above, the following is **ORDERED**:

1. The plaintiff's motion to file the Second Amended Complaint (Doc. 49) is **GRANTED**. The plaintiff's Second Amended Complaint (Doc. 49-1) is now the operative complaint in this matter.

2. The following filings are **MOOT**: the government's motion for an extension of time to file responsive pleading (Doc. 6); the plaintiff's motion for an extension of time to file a response to the Court's April 22, 2013 Order (Doc. 14); the government's original motion to dismiss (Doc. 18); the government's motion to close the briefing schedule and take the government's original motion to dismiss under consideration (Doc. 27); and the plaintiff's responses to the government's original motion to dismiss (Docs. 43, 44 and 46).

3. The following filings are **STRICKEN**: the First Amended Complaint (Doc. 45); and the plaintiff's *pro se* motions, filed prior to the withdrawal of his attorney (Docs.

29, 30, 32, 33 and 36).

4. Plaintiff must file his response to the government's Second Motion to Dismiss on or before **January 8, 2014**. Any reply brief filed by the government must be filed on or before **January 22, 2014**. After **January 22, 2014**, the Court will take this matter under submission and all briefing will be **CLOSED**.

5. The deadline of December 20, 2013, for the parties to meet and confer regarding discovery is **STAYED** until after the government's Second Motion to Dismiss is resolved.

**DONE** and **ORDERED** this the 12th day of December, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**