**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CHARLES E. McCORVEY,                                    :

     Plaintiff,                                    :

v.                                    :                    CA 12-00757-KD-C

UNITED STATES OF AMERICA, *et al.*,                    :

     Defendants.                                    :

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the motion of the United States of America ("United States") to dismiss this cause of action with prejudice (doc. 57), the Plaintiff's filings in response (docs. 63, 64 and 65), and the United States' reply (doc. 66). After consideration of the motion and briefs, as well as the parties' filings, it is the Magistrate Judge's **RECOMMENDATION** that the motion be **GRANTED** as discussed below.

## I.  Background

According to the Plaintiff's complaint, this matter arises out of incidents that occurred on December 4, 2009, at the United States Department of Veterans Affairs ("VA") Clinic in Mobile, Alabama, when, allegedly, the Plaintiff was unlawfully arrested by VA employees. (Doc. 59 at 2-6.) The Plaintiff filed his original complaint on December 19, 2012, ostensibly asserting constitutional claims against the United States and the VA pursuant to 42 U.S.C. § 1983. (Doc. 1.)[1] On May 20, 2013, the United States

_____

[1]      The Plaintiff stated in his original complaint that his claims were "actionable through 42 U.S.C. § 1983, and arising under the laws and statutes of the State of Alabama." (Doc. 1 at 1.) The Plaintiff further asserted that this Court's jurisdiction "is invoked pursuant to

filed a motion to dismiss the Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim. (Doc. 18.) On July 3, 2013, Plaintiff's counsel moved to withdraw. (Doc. 31.) On July 29, 2013, after conducting a hearing on all pending matters, the Court granted Plaintiff's counsel's motion to withdraw, allowed Plaintiff additional time to obtain an attorney, and allowed Plaintiff additional time to respond to the United States' motion to dismiss. (Doc. 41.) On October 16, 2013, the Plaintiff, proceeding *pro se*, moved to file an amended complaint.[2] (Docs. 49 and 49-1.) The Court granted Plaintiff's motion to amend, and, because the amended complaint (doc. 49-1, subsequently entered as doc. 59) superseded the original complaint, the motion to dismiss the original complaint became moot. (Doc. 58 at 2.) On December 6, 2013, the United States filed a motion to dismiss the Plaintiff's amended complaint (doc. 57). The Plaintiff filed two responses to the motion to dismiss (docs. 63 and 64) and a sworn declaration (doc. 65); and the United States filed a reply in support of its motion (doc. 66).

## II. Amended Complaint

The Plaintiff asserts this action against the following parties: the United States; the VA; the VA Clinic in Mobile, Alabama, ("The VA Clinic"); Ronald G. Hines;

---

28 U.S.C. § 1331 and § 1343(3), 28 U.S.C. § 1346(b) and 42 U.S.C. § 1983." (*Id.*) The original complaint contained the following counts: negligent training and supervision, false imprisonment, false arrest, assault and battery, malicious prosecution, and conversion. (*Id.* at 3-7.)

[2] The Plaintiff also filed several earlier motions to amend his complaint (docs. 29, 30, 32, 33, 36 and 37) that were moot due to the filing of subsequent motions to amend, (*see* doc. 52), or stricken because they were improperly filed *pro se* while the Plaintiff was still represented by counsel, (*see* doc. 58 at 3). Furthermore, on September 30, 2013, the Plaintiff filed an amended complaint (doc. 45) that was stricken for being improperly filed without leave of Court, (doc. 58 at 2).

Mitchell Quin; and Richard A. Hughes.[3][4]  (Doc. 59 at 5.)  The Plaintiff alleges that

> [t]his is an action at law to redress the deprivation under color of statute, laws, customs or usage of a right, privilege, and immunity secured to the Plaintiff, Charles E. McCorvey by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, actionable through 42 U.S.C. 1983, arising under the laws and statute of the State of Alabama.  Plaintiff complain of defendants illegal and unconstitutional act all of *the Defendants knew or should have known* that there were clearly well established precedents laws that made it illegal for the Defendants to violate one Constitutional rights, *its own Code of Federal Regulations by arresting one without a probable cause.  The Defendants willfully, intentionally and deliberated violated US Statute* **38 U.S.C.S. § 218 et seq** **statute that control crimes that can be charge on VA property and its own** **VA code of Federal Regulation recorded act 38 C.F.R. § 1.218 et seq VA** **named the crimes and penalty for each violation while on VA property.** **The Defendant willfully, intentionally and deliberately** *charged a person with an act not listed therein and further charging one with an act not* mention in their *VA Handbook 0700 for all Security Personnel*. . . .

(Doc. 59 at 1-2 (emphasis in original).)  The Plaintiff further alleges that the Defendants

> *willfully, intentionally and deliberately* did on or about December 4, 2009 unlawfully and without probable cause arrested the Plaintiff at the Department of Veterans in Mobile, Alabama and charged the Plaintiff with Criminal Trespassing 3rd[.]  The Plaintiff was handcuffed, transported and placed in the Mobile County Metro Jail for days.  The Plaintiff was required to post a bond for his release from the same Metro Jail of Mobile, Alabama for this malicious prosecution.

> [ ] On or about January 5, 2010, the Criminal Trespassing 3rd charge was dismissed *because of no signed affidavit was filed by the Veterans Affairs arresting Officer, Mitchell Quin* and the Mobile County Court Judge stated that *this happen on Federal Property and his Court lack Jurisdiction to entertain the charge*. . . .

---

[3]    The Plaintiff states that Mr. Hines is "the Director of Security at 5 [VA] locations along the Gulf Coast," Mr. Quin "is an employee at the VA Clinic in Mobile, Alabama," and Mr. Hughes "is an employee at the Pensacola VA Security Facility."  (Doc. 59 at 5.)

[4]    Although not included in the amended complaint, the Plaintiff includes an additional defendant—"Officer Nelson"—in the case caption for his sworn declaration and one of the responses filed in opposition to the United States' motion to dismiss.  (Docs. 64 and 65 ("Officer Nelson, Security Department Mobile, AL, ET AL (First name not known at this time)") (emphasis omitted).)  Because "Officer Nelson" is not named in the amended complaint, (doc. 59), and the Plaintiff has not moved to join "Officer Nelson" as a party in this case, the references to "Officer Nelson" in the captions of documents 64 and 65 are **STRICKEN**.

(*Id.* at 6.) In addition, the Plaintiff alleges that "[a]ll of the Defendants acted outside the scope of their official duty in the arrest and charging of the Plaintiff on December 4, 2009[,]" and that "all Defendants actions <u>was not in the scope of his or her employment at the time</u>[.]" (*Id.* at 4, 16 (emphasis in original); *see also id.* at 5, 7, 8, 9, 10, 12 and 14.)

The amended complaint contains the following six counts: negligent training and supervision; false imprisonment; wrongful arrest; assault and battery; malicious prosecution; and conversion. (*Id.* at 6-16.) The Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, 1346(b); 42 U.S.C. 1983; and "38 U.S.C. 14.517 and 38 U.S.C. 14.605."[5] (*Id.* at 5.)

### III. <u>Motion to Dismiss</u>

The United States argues that this entire cause of action should be dismissed with prejudice because the Court lacks subject matter jurisdiction and the Plaintiff has failed to state a claim. (Doc. 57.) More specifically, the United States argues that any *Bivens* claim asserted by the Plaintiff against the VA employees is barred by the statute of limitations, and that Plaintiff has failed to state a claim under the Federal Torts Claims Act ("FTCA") because he alleges that the Defendants acted outside the scope of their employment. (*Id.* at 9-12.) In response, the Plaintiff does not distinguish between his constitutional claims and his FTCA claims. (*See* docs. 63 and 64.) He argues that his claims are not barred by the statute of limitations because he filed an administrative claim with the VA less than two years after his claims accrued. (Doc. 63 at 3; doc. 64 at 5-6.) He argues that this Court has jurisdiction over his claims because they arise out of

---

[5]    Although the Plaintiff cites to 38 U.S.C. 14.517 and 38 U.S.C. 14.605, (doc. 59 at 5), the undersigned presumes that the Plaintiff intended to cite to 38 C.F.R. 14.517, which provides directives to VA Regional Counsels so that the VA receives notice of cases involving the VA, and 38 C.F.R. 14.605, which sets forth certain protocol for federal tort claims involving the VA.

an incident that occurred on federal property and involved federal officials. (Doc. 63 at 2; doc. 64 at 3-4.) Additionally, the Plaintiff filed a sworn declaration (doc. 65) that was purportedly signed by the Plaintiff on January 8, 2010, or January 10, 2010, (*id.* at 2).[6] The Plaintiff moved to add his sworn declaration to the amended complaint, (doc. 65 at 1), and also moved to file a second amended complaint, (doc. 63 at 3), but he did not attach a proposed pleading, (*see id.*).

IV. Legal Standard

The United States brings its motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 57.) A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

> can be based on either a facial or factual challenge to the complaint. If the challenge is facial, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Accordingly, the "court must consider the allegations in the plaintiff's complaint as true." *Id.*
>
> A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "'Factual attacks,' on the other hand, challenge 'the

---

[6] The sworn declaration is inconsistent on its face as to when it was written and signed. Above the signature line on his sworn declaration, the Plaintiff stated as follows: "I declare under the penalty of perjury that the above statements are true and correct this the 8th day of January 10, 2010[.]" (Doc. 65 at 2.) The Plaintiff states that his declaration "was written the day of the Court trial after the incident happen [sic] on VA property." (*Id.* at 1.) In the amended complaint, the Plaintiff alleged that the "Mobile County Court Judge" dismissed the charges against him during a hearing "[o]n or about January 5, 2010[.]" (Doc. 59 at 6.) Thus, it is unclear whether the Plaintiff purports to have written the declaration on January 8, 2010, or January 10, 2010, and whether it was actually written on the day of his state court proceedings. Furthermore, within the statement, the Plaintiff references the legal proceedings pending in this action, which he filed with this Court on December 19, 2012. (*Id.* at 3 ("This case is currently in the Federal Southern Court and we are at the discovery stage with case number 12-00757-RD-C.").) Apparently, the Plaintiff may have prepared and signed the declaration much later than he contends. The "sworn declaration" is not notarized. (*Id.* at 2.)

existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* Furthermore, in *Williamson*, the former Fifth Circuit held that "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

*McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007) (footnote omitted). The undersigned construes the government's jurisdictional argument as a facial challenge because the government accepts the Plaintiff's allegations as true for purposes of its motion, (*see* doc. 57 at 9-10).[7]

---

[7]     The undersigned notes that, in *Lawrence v. Dunbar*, the Eleventh Circuit held that "federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence*, 919 F.2d at 1531. That case involved a Rule 12(b)(1) motion to dismiss based on a "factual attack" on subject matter jurisdiction. *Id.* at 1529-30. The district court dismissed the case for lack of subject matter jurisdiction after considering evidence and relying on the affidavit of a non-party to resolve a factual dispute between the parties as to whether one of the defendants, a federal employee, acted within the scope of his employment. *Id.* The Eleventh Circuit vacated the district court's opinion dismissing the case for lack of subject matter jurisdiction because the district court applied the wrong legal standard. *Id.* at 1530. The Eleventh Circuit concluded that "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Id.* (citing *Williamson v. Tucker*, 645 F.2d at 415-16).

In *Lawrence*, the plaintiff asserted claims under the FTCA, which requires that the conduct at issue be performed by a government employee "acting within the scope of his office or employment." *Id.* at 1528 (citing 28 U.S.C. § 1346(b)). The scope of employment element is necessary for the court to have subject matter jurisdiction and an essential element for plaintiff's cause of action. *Id.* (citations omitted). Thus, the Eleventh Circuit concluded that the jurisdictional basis at issue in the motion to dismiss was intertwined with the merits of plaintiff's case and, because the defendant asserted a factual attack disputing the scope of employment issue, the district court should have applied the summary judgment standard to the defendant's motion. *Id.* at 1529-31.

Although the instant case involves FTCA claims and allegations regarding scope of employment, the holding in *Lawrence* does not apply here because this case does not involve a factual dispute. Rather, the Plaintiff has alleged that the Defendants acted outside the scope of

A Rule 12(b)(6) motion to dismiss for failure to state a claim questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true, *see, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), and all factual allegations, moreover, are to be construed in the light most favorable to the plaintiff, *see, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598 (1989); *see also Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (same).

Courts must liberally construe a *pro se* litigant's allegations and hold them to a less stringent standard than the allegations of an attorney contained in a formal pleading. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). "However, even a *pro se* litigant must allege the essential elements of the claims for relief." *Finklea v. United States*, No. Civ. A. 00-0286-CBM, 2001 WL 103005, at *3 (S.D. Ala. Jan. 30, 2001) (citing *Tigner v. Internal*

---

their employment, (*see e.g.*, doc. 59 at 16), and the United States has accepted the Plaintiff's pleading as true in that regard, (doc. 57 at 9-10). Whereas the defendant in *Lawrence* brought a Rule 12(b)(1) motion asserting a factual attack that, effectively, was an indirect attack on the merits of plaintiff's case, *Lawrence*, 919 F.2d at 1529, the United States in this case brought a Rule 12(b)(1) motion asserting a facial attack and a Rule 12(b)(6) motion asserting a direct attack on the merits, (doc. 57). Therefore, the Court is permitted to presume the Plaintiff's allegations are true and determine whether the amended complaint should be dismissed for lack of subject matter jurisdiction or Plaintiff's failure to state a claim. *See Synthes USA Sales, LLC v. Hancock*, CA No. 09-00082-KD-N, 2009 WL 2043525, at *2 (S.D. Ala. July 9, 2009) (distinguishing *Lawrence* where the defendant asserted a facial attack on subject matter jurisdiction); *Sevilla v. United States*, CA No. 1:06-CV1710-JOF, 2007 WL 1630587, at *4 (N.D. Ga. June 1, 2007) (distinguishing *Lawrence* and granting Rule 12(b)(1) motion to dismiss FTCA claims where the court accepted the facts in the complaint as true and concluded that the defendant acted outside the scope of his employment).

*Revenue Serv.*, No. 1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).

Courts do not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action[.]" *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Indeed, courts have consistently refused to supply essential elements of a claim for a *pro se* [p]laintiff if th[ose] facts are not initially pleaded in the Complaint." *Finklea*, 2001 WL 103005, at *3 (citing *Harris v. Evans*, 20 F.3d 1118 (11th Cir. 1994); *Tigner*, 2000 WL 641614, at *1).

## V. Analysis

### A. *Bivens* Claims

While the Plaintiff asserts that he has constitutional claims actionable under § 1983, (*see* doc. 59 at 2), a § 1983 claim challenges the constitutionality of the conduct of state officials, *Arrington v. Cobb Cty*, 139 F.3d 865, 872 (11th Cir. 1998), and the Plaintiff's allegations relate to the conduct of federal officials only, (*see* doc. 59). Thus, the Court construes the Plaintiff's constitutional claims as claims brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Perez-Hernandez v. Screws*, CA No. 13-0506-WS-N, 2014 WL 1152859, at *3 (S.D. Ala. Mar. 21, 2014) ("Even though plaintiff filed his claim on a § 1983 complaint form and identified his claim as a § 1983 claim, plaintiff's claim is a *Bivens* claim. '[A] *Bivens* suit challenges the constitutionality of the actions of federal officials . . . [and] create[s] a remedy against federal officers, acting under color of federal law, that [is] analogous to the section 1983 action against state officials.'" (citing *Bivens*, 403 U.S. 388; *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995))).

"However, a *Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United

States, federal officials in their official capacities, or federal agencies[.]" *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *FDIC v. Meyer*, 510 U.S. 471, 485-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)); *McCloskey v. Mueller*, 446 F.3d 262, 271-72 (1st Cir. 2006) ("The *Bivens* doctrine allows constitutional claims against federal officials, in their individual capacities, for actions taken under color of *federal* law. But the availability of that doctrine does not override bedrock principles of sovereign immunity so as to permit suits against the United States, its agencies, or federal officers sued in their official capacities." (citations omitted)); *see FDIC*, 510 U.S. at 485-86 ("It must be remembered that the purpose of *Bivens* is to deter *the officer*. . . . If we were to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring damages actions against individual officers." (citation omitted)); *Hatley v. Dep't of Treasury*, 876 F. Supp. 1262, 1264 (S.D. Ala. 1995) ("[L]et us state at the outset that plaintiff cannot bring a *Bivens* action against a government agency." (citation omitted)). Here, the Plaintiff brings this cause of action against the United States, the VA, the VA Clinic, and VA employees Hines, Quin and Hughes "in both their individual and official capacity." (Doc. 59 at 5.) As stated above, the Plaintiff can only pursue a *Bivens* action against federal officers in their individual capacities. Therefore, the Plaintiff's *Bivens* claims cannot stand to the extent they are asserted against the United States, the VA, the VA Clinic, and the VA employees in their official capacity.

Furthermore, the Plaintiff's *Bivens* claims against VA employees in their individual capacity[8] are barred by the statute of limitations.

---

[8]    The Plaintiff invokes his Fourth Amendment rights, (doc. 59 at 1-2), and alleges

9

Actions brought under *Bivens* are subject to the statute of limitations governing personal injury actions in the state where the claim has been brought. *Kelly v. Serna,* 87 F.3d 1235, 1238 (11th Cir. 1996). [Plaintiff] brought his claim in Alabama, where the governing limitations period is two years. *McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Ala. Code § 6-2-38).

The limitations period begins to run when the cause of action accrues, and this is a question of federal law. *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996). Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury. *Id.* at 561-62.

*Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010); *Perez-Hernandez*, 2014 WL 1152859, at *5-6 ("Under federal law, '[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]' Usually this accrual takes place when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured, and is aware or should be aware who caused the injury." (citing *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Garza v. Hudson*, 436 F. App'x 924, 925 (11th Cir. 2011))).

The Plaintiff's claims all arise from an incident that occurred on December 4, 2009, when the Plaintiff alleges VA employees arrested him unlawfully and without probable cause.[9] (Doc. 59 at 6-6.) Therefore, based on the assertions in the amended

---

that Defendant Quin arrested him unlawfully and without probable cause, (*id.* at 6); however, many of the allegations in the amended complaint are vague with respect to the constitutional rights that were violated, the specific actions that violated those rights, and the identity of the individuals who performed those particular actions, (*see id.* at 6-16). Notably, the Plaintiff fails to specify the conduct performed by Defendants Hines and Hughes that violated his constitutional rights. (*See* doc. 59.) Nevertheless, the undersigned need not address whether the Plaintiff sufficiently pled his *Bivens* claims because those claims are barred by the statute of limitations. *See infra.*

[9] The Plaintiff alleges that, on December 4, 2009, he was arrested, (doc. 59 at 6, 9), detained (*id.* at 8), assaulted and battered, (*id.* at 11), charged with criminal trespassing, (*id.* at 12), and deprived of his property, (*id.* at 14-15). All of the counts in the amended complaint— negligent training and supervision; false imprisonment; wrongful arrest; assault and battery; malicious prosecution; and conversion—arise from those alleged incidents. (*See* doc. 59 at 6-

complaint, the Plaintiff's *Bivens* claims accrued on December 4, 2009, because, at that time, he knew or had reason to know that the VA employees violated his constitutional rights and could have filed a *Bivens* action. *See Perez-Hernandez*, 2014 WL 1152859, at *5-6 (concluding that the plaintiff's claim for the deprivation of his wallet by officers during an arrest accrued on the day of his arrest); *Sairras v. Schleffer*, No. 09-22491-CIV, 2010 WL 1328938, at *3 (S.D. Fla. Mar. 30, 2010) (concluding that plaintiff's unlawful arrest and false imprisonment claims accrued on the date of his arrest); *Johnson v. Greaves*, CA No. 08-0054-KD-C, 2009 WL 2060067, at *6 (S.D. Ala. June 22, 2009) (concluding that the plaintiff's claim of excessive force during his arrest accrued on the date of the arrest), *aff'd*, 366 F. App'x 976; *Nelson v. Chaney*, No. CV404-207, 2006 WL 1039885, at *3-4 (S.D. Ga. April 19, 2006) (concluding that the plaintiff's claims that officers used excessive force and failed to properly train subordinates arose from his arrest and, thus, accrued on that date). At the latest, the Plaintiff may have claims that accrued on January 5, 2010, the date he alleges the charges against him were dismissed. *See Kelly*, 87 F.3d at 1239 (recognizing that constitutional claims relating to malicious prosecution do not accrue until the date of the favorable disposition of the criminal matter) (citing *Heck v. Humphrey*, 512 U.S. 477, 489-90, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994)). However, the Plaintiff did not file this action until December 19, 2012, (doc. 1), which is more than two years after his *Bivens* claims accrued. Moreover, he waited until July 23, 2013, to move the Court to name the VA employees as defendants. (*Compare* doc. 1, *with* doc. 37). As such, the Plaintiff's *Bivens* claims are barred by the two-year statute of limitations.

The Plaintiff argues that the statute of limitations does not bar his claims because

_____

16.)

he timely filed an administrative claim with the VA under the FTCA, and then filed his complaint with this Court within six months of the VA's decision denying his claim. (Doc. 63 at 3; doc. 64 at 2-3, 5.)  However, *Bivens* claims and FTCA claims are different causes of action governed by different statutes of limitations.  The FTCA allows individuals to assert tort claims against the United States under certain circumstances. 28 U.S.C. § 1346(b); *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)).  To file a tort action against the United States, the claimant must first exhaust his remedies by presenting his "claim to the appropriate Federal agency within two years after such claim accrues," 28 U.S.C. §§ 2401(b), 2675(a), and then file his complaint in district court within six months of the agency's decision denying his claim, § 2401(b).  With respect to *Bivens* actions, however, the law imposes no exhaustion requirement.  *Nails v. Dep't of Hous. & Urban Dev.*, No. 1:10-CV-744, 2010 WL 4386540, at *1 (M.D. Ala. Oct. 29, 2010).  As discussed above, *Bivens* actions offer relief against federal officers in their individual capacity.  Those claims are not directed at the United States or its administrative agencies.  *FDIC*, 510 U.S. at 485-86; *Smith*, 561 F.3d at 1099.  Rather, the injured party must assert his claim directly against the individuals whose conduct violated his constitutionally protected rights.  Such claims are governed by the applicable statute of limitations in the state where the claims are brought.  *Kelly*, 87 F.3d at 1238.  In this case, the Plaintiff's claims are governed by Alabama's two-year statute, Ala. Code § 6-2-38.

Although the Plaintiff does not raise the issue of equitable tolling or specifically argue that the filing of his administrative claim tolled the two-year statute applicable to his Bivens claims, (*see* docs. 63 and 64), the undersigned notes that this case does not present extraordinary circumstances warranting the application of equitable tolling.

> Equitable tolling is an extraordinary remedy which is typically applied sparingly. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The plaintiff has the burden of showing that equitable tolling is warranted. *Booth v. Carnival Corp.,* 522 F.3d 1148, 1150 (11th Cir. 2008). It is most likely to be applied if the claimant "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or if his adversary induced or tricked him into filing after the deadline. *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458. It generally is not appropriate if the claimant's late filing is a result of his "fail[ure] to exercise due diligence in preserving his legal rights." *Id.*

*Johnson,* 366 F. App'x at 978.

Although the Plaintiff filed an administrative tort claim with the VA under the FTCA, his administrative claim was not a prerequisite to his constitutional claims against the VA employees and, thus, the administrative claim did not serve to toll the two-year limitations period applicable to those claims. *Nails,* 2010 WL 4386540, at *1 ("Because exhaustion of administrative remedies was not a prerequisite to [plaintiff's] []*Bivens* claims, [plaintiff's] argument for equitably tolling the statute of limitations is not persuasive."); *Molina-Acosta v. Martinez,* 392 F. Supp. 2d 210, 219-20 (D.P.R. 2005) ("[T]he administrative proceeding pursuant to the FTCA did not equitably toll the limitations period to present a *Bivens* complaint."). The Plaintiff failed to pursue his *Bivens* action against the VA employees within the statutory period, and he has made no showing of extraordinary circumstances that prevented him from filing his action sooner. Accordingly, equitable tolling should not be applied in this case. *See Sairras,* 2010 WL 1328938, at *3 ("[I]n light of the Court's finding that [p]laintiff had reason to know of the facts underlying his claims at the time of his arrest, [p]laintiff has not established that he is entitled to the 'extraordinary remedy' of equitable tolling." (citing *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005); *Weldon v. Elec. Data Sys. Corp.,* 138 F. App'x 136, 138 (11th Cir. 2005))).

Because the United States, the VA, and the VA Clinic are not proper *Bivens*

defendants and because the Plaintiff's *Bivens* claims against the VA employees are barred by the statute of limitations, it is hereby **RECOMMENDED** by the undersigned that the Court **GRANT** the United States' motion to dismiss the Plaintiff's *Bivens* claims with prejudice.

B.    <u>FTCA Claims</u>

"It is well-settled" that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.'" *Monzon v. United States*, 253 F.3d 567, 570 (11th Cir. 2001) (quoting *Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1203 (11th Cir. 2000)). "The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims," allowing individuals to sue the government "under certain circumstances." 28 U.S.C. § 1346(b); *Dalrymple*, 460 F.3d at 1324 (citing *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)).

> [A] plaintiff bears the burden of asserting specific provisions waiving the sovereign immunity of the United States. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). Additionally, the terms of the consent define a federal court's jurisdiction, and "any waiver of sovereign[] immunity must be explicit and will be strictly construed." *See Raulerson v. United States*, 786 F.2d 1090, 1091 (11th Cir.1986). Any doubts as to a possible waiver of sovereign immunity of the Government must be resolved in favor of the Government. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

*Lett v. U.S. Marine Corps*, Civ.A.04-0582-CG-M, 2005 WL 2179795, at *2 (S.D. Ala. Sept. 2, 2005). When a plaintiff fails to satisfy the statutory requirements for maintaining suit under the FTCA, the district court lacks subject matter jurisdiction and dismissal is appropriate. *See Dalrymple*, 460 F.3d at 1324, 1326.

<u>Proper Party Defendant</u>

The law is clear that "the FTCA authorizes claims only against the United States." *Trupei v. United States*, 304 F. App'x 776, 782, 2008 WL 5245611, at **6 (11th Cir.

2008) (concluding that the plaintiff failed to state a claim against any of the defendants other than the United States) (citations omitted); *Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) (affirming dismissal of FTCA claims against individually named defendants); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."); *Phillips v. Potter*, Civil Action No. 07-0894-CG-B, 2008 WL 2476870 (S.D. Ala. June 18, 2008) ("Based on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction.") (citation omitted).

Here, the Plaintiff has brought this FTCA action against the United States, the VA, the VA Clinic, and three VA employees. (Doc. 59.) The FTCA, however, only authorizes suits against the United States. Therefore, this Court lacks jurisdiction over any FTCA claims asserted against the VA, the VA Clinic, and the VA employees. As such, it is hereby **RECOMMENDED** by the undersigned that the Court **GRANT** the United States' motion to dismiss the Plaintiff's FTCA claims against the VA, the VA Clinic, and the VA employees with prejudice.

Scope of Employment

Pursuant to the FTCA, this Court only has jurisdiction over claims against the United States for torts of federal employees "acting within the scope of [their] office or employment." 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) ("The [FTCA] accordingly gives federal district courts jurisdiction over claims against the United States for injury 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]'" (quoting § 1346(b)(1))). "If it is established that an

employee was not within the scope or course of employment, then the United States is immune from liability[.]"  *Andersen v. United States*, No. 09-60364-CIV, 2009 WL 6633307, at *3 (S.D. Fla. Oct. 21, 2009); *see Lawrence*, 919 F.2d at 1528 (concluding that the scope of employment element "is a necessary predicate to the court's subject matter jurisdiction and . . . an element the plaintiff must establish to win the case[.]" (citing *Bettis v. United States*, 635 F.2d 1144, 1146-47 (5th Cir. Unit B 1981); *Borrego v. United States*, 790 F.2d 5 (1st Cir. 1986))).

Here, the Plaintiff repeatedly pled that the Defendants all acted outside the scope of their office and employment during the incidents at issue in this case.  (Doc. 59 at 4 ("All of the Defendants acted outside the scope of their official duty in the arrest and charging of the Plaintiff on December 4, 2009."); *id.* at 5 ("*Each and every named defendant . . . acted outside of the scope of their duty in the charging and arresting of the Plaintiff on December 4, 2009.*") (emphasis in original); *id.* at 7 ("These defendants . . . acted outside the scope of their official duties."); *id.* at 8 ("[T]he Defendants acted outside of the scope of their official duties."); *id.* at 9 ("[T]hey all acted beyond the scope of their official duties."); *id.* at 10 ("The Detainment of the Plaintiff for 3 plus hours was outside the scope of the Defendants official duty."); *id.* ("[T]he Defendants acted <u>outside of the scope of their official duties.</u>") (emphasis in original); *id.* at 12 ("[T]he Defendants acted <u>outside of the scope of their official duties.</u>") (emphasis in original); *id.* at 14 ("[T]he Defendants <u>acted outside of the scope of their official duties</u>.") (emphasis in original); *id.* at 16 ("[A]ll Defendants actions <u>was not in the scope of his or her employment at the time</u>[.]") (emphasis in original).)

Plaintiff's allegations that the Defendants acted outside the scope of their office and employment constitute binding judicial admissions.  *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177-78 (11th Cir. 2009) ("[T]he general rule [is] that a party is bound

by the admissions in his pleadings." (quoting *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983))); *id.* (finding that the defendants' statements in their answer to the amended complaint denying that they had a principal place of business in Florida constitute binding judicial admissions establishing that they do not have a principal place of business in Florida, despite the defendants' arguments to the contrary); *Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir. 1991) (concluding that the plaintiff could not assert his FTCA claims against the defendants in their individual capacities because the plaintiff was bound by his judicial admission in the complaint when he alleged that the defendants "acted within the scope of their employment"); *Best Canvas*, 713 F.2d at 621 (concluding that the Defendant's allegation in his pleadings that the cause of action arose in Georgia was a judicial admission that was "binding and conclusive to establish that the cause of action arose in Georgia."); *Dennis v. Postal Serv.*, CA No. 1:12-cv-1254, 2012 WL 7037766, at *1-2 (W.D. La. Dec. 18, 2012) ("Plaintiffs have judicially admitted [the defendant] is sued for actions she undertook while she was within the course and scope of her employment. She is absolutely immune from all FTCA claims and plaintiffs are foreclosed from suing her in any capacity.  Accordingly, [the defendant] should be dismissed from the lawsuit."), *report and recommendation adopted*, 2013 WL 489825 (W.D. La. Feb. 7, 2013), *aff'd on other grounds per curiam*, ___ F. App'x ____, 2014 WL 1494007 (5th Cir. 2014); *Weaver v. U.S. Customs & Border Prot.*, No. CV 10-61-M-DWM-JCL, 2010 WL 5140587, at *4 (D. Mont. Nov. 19, 2010) (determining that the plaintiff's allegations in the complaint that the defendants acted within the scope of their employment were binding judicial admissions and, thus, the defendants were entitled to immunity with regard to the plaintiff's FTCA claims), *report and recommendation adopted*, 2010 WL 5137831 (D. Mont.

Dec. 10, 2010).[10]  Because the Plaintiff has conclusively established that the Defendants acted outside the scope of their employment at the time of the events at issue, the Plaintiff cannot state a claim under the FTCA, cannot establish a waiver of sovereign immunity, and cannot establish the subject matter jurisdiction of this Court.  *See* 28 U.S.C. § 1346(b)(1).  Accordingly, it is **RECOMMENDED** by the undersigned that the Court **GRANT** the United States' motion to dismiss the Plaintiff's FTCA claims against the United States with prejudice.

C.  Other Claims

The Plaintiff argues that the Court should not dismiss the amended complaint because the Defendants violated a federal statute and regulation.  (*See* doc. 64 at 6-11.) To the extent the Plaintiff argues that the violation of federal law by the Defendants supports his constitutional and FTCA claims, his arguments are unavailing because those claims are foreclosed for the reasons discussed in the sections above.  *See supra*, §§ V.A. and V.B.; *see also Dalrymple*, 460 F.3d at 1327 ("Violating an internal policy or procedure does not create a cause of action under the FTCA against the government unless the challenged conduct is independently tortious under applicable state law. The FTCA was not intended 'to create new causes of action' or 'to enforce federal statutory duties.'" (citations omitted)).

---

[10]    The Plaintiff has not directly addressed the United States' scope of employment argument.  (*See* docs. 63 and 64.)  However, in the Plaintiff's second response to the government's motion to dismiss (doc. 64), the Plaintiff appears to equivocate as to whether the VA employees were acting outside or inside the scope of their office or employment.  (*See id.* at 10 ("They were certainly acting under color of law when they were wearing their official uniforms and on VA PROPERTY and were acting in their official capacity in the wrongful arrest of the Plaintiff on December 4, 2009.  This lawsuit is based upon their acting outside of the scope of their duty in their official capacity while committing illegal and wrongful acts while acting in their official capacity.").)  To the extent that the Plaintiff attempts to assert arguments contrary to his admissions in the pleadings, he is foreclosed from doing so.  *Cooper*, 575 F.3d at 1178; *Morales*, 947 F.2d at 769.

However, because the Plaintiff's arguments may imply that he has asserted a separate and distinct claim arising from the Defendants' violation of a federal statute and regulation, the undersigned will briefly consider such a claim. The Plaintiff alleges that the Defendants violated 38 U.S.C. § 218 and 38 C.F.R. § 1.218 by charging the Plaintiff with criminal trespassing because, Plaintiff contends, that statute and regulation do not permit VA officers to make an arrest for such an offense. (Doc. 59 at 2-3.) The Plaintiff mistakenly refers to a repealed section in the Code. Section 218 of Title 38 of the United States Code was repealed in 1991 by Pub. L. 102-83, § 2(a), 105 Stat. 399 (1991), and provisions from that section are now contained in sections 901-905 of Title 38. 38 U.S.C. §§ 901-905, Historical and Statutory Notes. Therefore, the undersigned presumes that the Plaintiff intends to invoke 38 U.S.C. §§ 901-05. Section 902 grants VA police officers "[e]nforcement and arrest authority," § 902, and section 1.218 of the Code of Federal Regulations sets forth "rules of conduct" and a "[s]chedule of offenses and penalties" applicable at VA facilities, 38 C.F.R. § 1.218.[11] Even if the

---

[11] Pursuant to 38 U.S.C. § 902, VA police officers are authorized to make arrests "for a violation of a Federal law or any rule prescribed under section 901(a) of [Title 38]." 38 U.S.C. § 902(2). Section 901(a) provides the authority for the promulgation of the rules and offenses contained in 38 C.F.R. § 1.218. 38 U.S.C. § 901(a); 38 C.F.R. § 1.218. The rules of conduct specified in section 1.218(a) include the following:

> (2) Recording presence. Admission to property during periods when such property is closed to the public will be limited to persons authorized by the head of the facility or designee. Such persons may be required to sign a register and/or display identification documents when requested to do so by VA police, or other authorized individual. *No person, without authorization, shall enter upon or remain on such property while the property is closed. Failure to leave such premises by unauthorized persons shall constitute an offense under this paragraph.*

> . . . .

> (5) Disturbances. Conduct on property which creates loud or unusual noise; which

Plaintiff can establish that an arrest for criminal trespassing constitutes a violation of the aforementioned statute and regulation, the Plaintiff has cited to no authority demonstrating that the Plaintiff may assert a private right of action based on such a violation, *see Alexander v. Sandoval*, 532 U.S. 275, 286-87, 121 S.Ct. 1511 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress." (citation omitted)), and the language in 38 U.S.C. § 902 and 38 C.F.R. § 1.218 provides no indication that Congress intended to create a private right of action against VA employees who fail to enforce the law in accordance with the provisions of those sections. *See* 38 U.S.C. § 902; 38 C.F.R. § 1.218. Thus, with no private right of action, the Plaintiff cannot state a distinct claim based on a violation of 38 U.S.C. § 902 and 38 C.F.R. § 1.218.

The Plaintiff has failed to articulate any other cognizable cause of action that would entitle him to relief in this Court. (*See* doc. 59.) Accordingly, because the

---

> unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language; or unwarranted loitering, sleeping, or assembly is prohibited. In addition to measures designed to secure voluntary terminations of violations of this paragraph the head of the facility or designee may cause the issuance of orders for persons who are creating a disturbance to depart the property. *Failure to leave the premises when so ordered constitutes a further disturbance within the meaning of this rule, and the offender is subject to arrest and removal from the premises.*

38 C.F.R. § 1.218(a)(2) and (5) (emphasis added). Section 1.218(b) specifies numerous offenses and penalties including the following:

> (8) Entry into areas posted as closed to the public or others (*trespass*), $50.
>
> . . . .
>
> (12) *Failure to depart premises by unauthorized persons*, $50.

38 C.F.R. 1.218(b)(8) and (12) (emphasis added).

20

Plaintiff has already been given an opportunity to amend his complaint and he has failed to show that he can state a cause of action in this Court, it is **RECOMMENDED** by the undersigned that Plaintiff's request to amend his pleadings (doc. 63 at 3) be **DENIED** and the amended complaint (doc. 59) be **DISMISSED WITH PREJUDICE**.

VI. Conclusion

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the United States' motion to dismiss (doc. 57) be **GRANTED** and that all claims against all Defendants be **DISMISSED WITH PREJUDICE**.

Specifically, the undersigned **RECOMMENDS** that

1. All *Bivens* claims against the United States, the VA, and the VA Clinic should be **DISMISSED WITH PREJUDICE** because those parties are not proper defendants in a *Bivens* action.

2. All *Bivens* claims against Ronald G. Hines, Mitchell Quin, and Richard A. Hughes should be **DISMISSED WITH PREJUDICE** because they are barred by the statute of limitations.

3. All FTCA claims against the VA, the VA Clinic, Ronald G. Hines, Mitchell Quin, and Richard A. Hughes should be **DISMISSED WITH PREJUDICE** because those parties are not proper defendants in an FTCA case.

4. All FTCA claims against the United States should be **DISMISSED WITH PREJUDICE** because the Plaintiff has judicially admitted that the VA employees acted outside the scope of their employment.

5. Plaintiff's request to file an amended complaint should be **DENIED** because he has already been given an opportunity to amend and he has failed to file a proposed pleading or otherwise show that he can state a cause of action in this Court.

6. The amended complaint (doc. 59) should be **DISMISSED WITH PREJUDICE** because all of the Plaintiff's claims are foreclosed.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b); S.D. Aʟᴀ. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of July 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**